UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| JANE DOE | : | Case No. 2:09-cv-00219-WOB |
| | : | |
| vs. | : | Judge William O. Bertelsman |
| | : | |
| DIRTY WORLD ENTERTAINMENT | : | SECOND AMENDED COMPLAINT |
|    RECORDINGS LLC dba | : | WITH JURY DEMAND |
|    THEDIRT.COM | : | |
| | : | |
| and | : | |
| | : | |
| HOOMAN KARAMIAN | : | |
|    also known as NIK RICHIE, | : | |
|    also known as CORBIN GRIMES | : | |
|    serve: | : | |
|    14442 N. 100th Way | : | |
|    Scottsdale AZ 85260 | : | |
| | : | |
| and | : | |
| | : | |
| DIRTY WORLD, LLC dba | : | |
|    THEDIRTY.COM | : | |
|    serve: Statutory Agent | : | |
|    CORPORATE CREATIONS | : | |
|       NETWORK INC. | : | |
|    3411 SILVERSIDE ROAD | : | |
|       RODNEY BUILDING #104 | : | |
|    WILMINGTON DE 19810 | : | |
| | : | |
| and | : | |
| | : | |
| DIRTY WORLD ENTERTAINMENT, | : | |
|    LLC dba THEDIRTY.COM | : | |
|    serve: Statutory Agent | : | |
|    JOHN WEBBER | : | |
|    4453 E PLEASANT RUN | : | |
|    SCOTTSDALE, AZ 85258 | : | |

Comes now Plaintiff, Jane Doe and for her Second Amended Complaint states as follows:

1

## JURISDICTION

1. Jane Doe, at all times relevant, was a citizen of and domiciled in the Commonwealth of Kentucky.

2. Defendant Dirty World Entertainment Recordings, LLC., dba thedirt.com, and dba thedirty.com, at all times relevant, was a limited liability company incorporated in the State of California with its principal office in the State of California, and therefore is a citizen of the State of California.

3. Defendant Hooman Karamian, also known as Nik Richie, also known as Corbin Grimes, at all times relevant, is a citizen of the state of Arizona, Hooman Karamian (hereinafter "Karamian") posted and maintained posts on the websites thedirty.com and thedirt.com.

4. Defendant Dirty World, LLC., dba thedirty.com, at all times relevant, was a limited liability company incorporated in the State of Delaware with its principal office in the State of Arizona, and therefore is a citizen of the States of Arizona and Delaware.

5. Defendant Dirty World Entertainment, LLC., dba thedirty.com, at all times relevant, was a limited liability company incorporated in the State of Arizona with its principal office in the State of Arizona, and therefore is a citizen of the State of Arizona.

6. This court has jurisdiction of these matters under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.

7. Defendants Dirty World Entertainment Recordings LLC, Dirty World LLC, Dirty World Entertainment LLC, and Karamian, at all times relevant, did broadcast information to persons in the Commonwealth of Kentucky, did transact business and had sufficient minimum contacts in the Commonwealth of Kentucky, and a substantial part of the events or omissions giving rise to the

claim occurred in the Commonwealth of Kentucky, and therefore this court is the proper venue for this action under 28 U.S.C. § 1391.

## BACKGROUND

8. Plaintiff incorporates by reference each and every allegation made in the above numbered paragraphs.

9. The Defendants on December 7, 2009 did publish an article about the Plaintiff.

10. In the article the Defendants published that they are sure that the Plaintiff has Chlamydia and Gonorrhea.

11. This article until recently was still available on the Internet at http://thedirty.com/2009/12/07/the-dirty-bengals-cheerleader/.

12. The Plaintiff is a teacher and this information was publically accessible to any user even those in the school she teaches.

13. The article specifically mentions the name of the school in which the Plaintiff works.

14. Hooman Karamian as Nik Richie makes the comment, "Why are high school teachers freaks in the sack?"

15. The Post also alleges that the Plaintiff has slept with every other Cincinnati Bengal football player.

16. The Plaintiff's employers are aware of this article.

17. Others have approached the Plaintiff and asked if the information is true.

18. The Plaintiff is embarrassed and humiliated because of this publication.

19. The post also includes a blog section where viewers can post responses to the post.

20. Some of the Plaintiff's former students have posted to the blog.

21. The Plaintiff communicated to the Defendants by email and asked them to remove the posts from their site.

22. The posts were not removed until notice of the default judgment in this case against Dirty World Entertainment Recordings LLC was published in the national media.

## COUNT I - DEFAMATION

23. Plaintiff incorporates by reference each and every allegation made in the above numbered paragraphs.

24. Defendants have intentionally and maliciously used language tending to harm the reputation of Plaintiff so as to lower Plaintiff in the estimation of the community or to deter third persons, specifically but not limited to other employers, from associating or dealing with Plaintiff.

25. Plaintiff was specifically identified in the defamatory matter promulgated by the Defendants.

26. The defamatory language was published in that Defendants intentionally or negligently communicated such defamatory language to third parties not the Plaintiff, specifically, but not limited to other employers.

27. As a direct and proximate result of Defendants' defamation of Plaintiff, Plaintiff has suffered an injury to reputation and loss of employment opportunities, and since the defamatory statements of the Defendants were intentional, with malice or with reckless disregard as to whether they were false or not, the Plaintiff is entitled to punitive damages in addition to the damages suffered.

## COUNT II - LIBEL PER SE

28. Plaintiff incorporates by reference each and every allegation made in the above numbered

paragraphs.

29. Defendants have intentionally and maliciously used language tending to harm the reputation of Plaintiff so as to lower Plaintiff in the estimation of the community or to deter third persons, specifically but not limited to other employers, from associating or dealing with Plaintiff.

30. Plaintiff was specifically identified in the defamatory matter promulgated by the Defendants.

31. The libelous language stated as a matter of fact that the Plaintiff had sexually transmitted diseases, specifically Chlamydia and Gonorrhea.

32. This fact directly questions the moral turpitude of the Plaintiff.

33. The libelous language was published in that Defendants intentionally or negligently communicated such defamatory language to third parties not the Plaintiff, specifically, but not limited to other employers.

34. As a direct and proximate result of Defendants' defamation of Plaintiff, Plaintiff has suffered an injury to their reputation and loss of employment opportunities, and since the defamatory statements of the Defendants were intentional, with malice or with reckless disregard as to whether they were false or not, the Plaintiffs are entitled to punitive damages in addition to the damages suffered.

## COUNT III - LIBEL PER SE

35. Plaintiff incorporates by reference each and every allegation made in the above numbered paragraphs.

36. Defendant Hooman Karamian has intentionally and maliciously used language tending to harm the reputation of Plaintiff so as to lower Plaintiff in the estimation of the

community or to deter third persons, specifically but not limited to other employers, from associating or dealing with Plaintiff.

37. Plaintiff was specifically identified in the defamatory matter promulgated by the Defendants.

38. The libelous language falsely stated as a matter of fact that the Plaintiff had sex with every member of the Cincinnati Bengals professional football team.

39. This fact directly questions the moral turpitude of the Plaintiff.

40. The libelous language was published in that Defendant Karamian intentionally or negligently communicated such defamatory language to third parties not the Plaintiff, specifically, but not limited to other employers.

41. As a direct and proximate result of Defendant's defamation of Plaintiff, Plaintiff has suffered an injury to their reputation and loss of employment opportunities, and since the defamatory statements of the Defendant were intentional, with malice or with reckless disregard as to whether they were false or not, the Plaintiffs are entitled to punitive damages in addition to the damages suffered.

**COUNT IV - PUBLICITY THAT PLACES ANOTHER IN A FALSE LIGHT**

42. Plaintiff incorporates by reference each and every allegation made in the above numbered paragraphs.

43. Defendants have intentionally and maliciously used language tending to harm the reputation of Plaintiff so as to lower Plaintiff in the estimation of the community or to deter third persons, specifically but not limited to other employers, from associating or dealing with Plaintiff.

44. Plaintiff was specifically identified in the defamatory matter promulgated by the Defendants.

45. The libelous language stated as a matter of fact that the Plaintiff had sexually transmitted diseases, specifically Chlamydia and Gonorrhea.

46. This fact directly questions the moral turpitude of the Plaintiff.

47. The libelous language was published in that Defendants intentionally or negligently communicated such defamatory language to third parties not the Plaintiff, specifically, but not limited to other employers.

48. As a direct and proximate result of Defendants' defamation of Plaintiff, Plaintiff has suffered an injury to their reputation and loss of employment opportunities, and since the defamatory statements of the Defendants were intentional, with malice or with reckless disregard as to whether they were false or not, the Plaintiffs are entitled to punitive damages in addition to the damages suffered.

**COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

49. Plaintiff incorporates by reference each and every allegation made in the above numbered paragraphs.

50. Defendants action in publicizing this story was either intended by Defendants to cause emotional distress to the Plaintiff or were such that Defendants should have known they would cause such emotional distress, and clearly exceeded the bounds of common decency as would be observed in any civilized community.

51. Defendants conduct toward Plaintiff was willful, wanton and malicious, and was carried out both with a flagrant indifference to the rights of the Plaintiffs and with a subjective

awareness that such conduct would result in harm, for which Defendants are answerable in punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants on each cause of action together with the costs and disbursements of this action. Plaintiffs request:

1. All compensatory damages;

2. Punitive damages;

3. All fees and costs associated with the disbursement of this action;

4. Attorney fees;

5. Trial by jury; and

6. Any other relief the Court deems fitting and proper.

/s/ Eric C. Deters
Eric C. Deters (81812)
Attorney for Plaintiff
ERIC C. DETERS & ASSOCIATES, P.S.C.
5247 Madison Pike
Independence, KY 41051-7941
859-363-1900   Fax: 859-363-1444
Email: eric@ericdeters.com

**JURY DEMAND**

Plaintiffs demand a trial by jury on all triable issues.

/s/ Eric C. Deters
Eric C. Deters