```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF KENTUCKY
                   NORTHERN DIVISION
                     AT COVINGTON
```

CIVIL ACTION NO. 2009-219 (WOB)

SARAH JONES a/k/a
Jane Doe                                           PLAINTIFF

VS.              **MEMORANDUM OPINION AND ORDER**

DIRTY WORLD ENTERTAINMENT
RECORDINGS, LLC, d/b/a
Thedirt.com, ET AL.                                DEFENDANTS


This matter is before the court on the motion to dismiss by defendant Nik Lamas-Richie (formerly known as Hooman Karamian) (Doc. 46). The court has reviewed this matter and concludes that oral argument is unnecessary.

### *Discussion*

The facts in this case have been set forth in detail in the court's prior Opinion and Order dated January 21, 2011 (Doc. 47) and thus will not be repeated here.

Plaintiff filed a Second Amended Complaint on August 31, 2010. (Doc. 22) On September 16, 2010, plaintiff served on the Kentucky Secretary of State a summons and accompanying documents for service on Hooman Karamian, pursuant to KRS 454.210(3). (Doc. 26) On October 1, 2010, the statutorily-required return by the Secretary of State was filed in this court, showing that the certified mail to Karamian was undelivered and bearing the postal

mark "Forwarding Order Expired."  (*Id.*)

On October 14, 2010, plaintiff again served the Secretary of State with process to be served on Karamian, the return of which was filed here on October 28, 2010, showing that the certified mail to Karamian was undelivered and bearing the postal mark "Undeliverable As Addressed/Unable to Forward."  (Doc. 35)

Karamian now moves to dismiss arguing that these efforts at service were insufficient.  The court disagrees.

The Kentucky long-arm statute, KRS 454.210, provides that if personal jurisdiction is authorized,[1] service of process against a nonresident may be made on the Secretary of State who, for this purpose, shall be deemed to be the statutory agent for such person.  KRS 454.210(3)(a).  The statute also sets forth the procedures which the Secretary of State must follow to effect service, one of which is that the Secretary must "make a return to the court showing that the acts contemplated by this statute have been performed, and shall attach to his return the registry receipt, if any."  KRS 454.210(3)(b).

Karamian does not dispute that the Secretary correctly followed these procedures, but he argues that the efforts were ineffective because the mail was undelivered and, by way of affidavit, he avers that he did not receive such service.  (Doc. 46-2)

---

[1] The court finds that it is, as will be discussed below.

2

In *Dakota Enter., Inc. v. Carter*, No. 2001-CA-002417-MR, 2003 WL 21241656, at *2 (Ky. App. May 30, 2003), the Court of Appeals of Kentucky rejected a similar argument. The process served by the Secretary of State there was returned unopened and marked "unclaimed." The intended recipient of the process, against whom a default judgment was subsequently entered, filed an affidavit swearing that he "was never served with a summons or complaint in this suit." *Id.*

The court rejected this argument and found service to be proper under KRS 454.210(3), citing *Davis v. Wilson*, 619 S.W.2d 709, 710-11 (Ky. App. 1980), wherein the court also found service sufficient even though the process mailed by the Secretary of State was returned marked "unclaimed." This holding is also in keeping with *Cox v. Rueff Lighting Co.*, 589 S.W.2d 606 (Ky. App. 1979), in which the court noted that the "authorities generally hold that actual notice is not required to effectuate good service under a long-arm statute insofar as due process considerations are concerned." *Id.* at 607.

Another court within this district recently reached the same conclusion. *See Ashford v. Bollman Hat Co.*, No. 10-192-JBC, 2011 WL 127153, at *2 (E.D. Ky. Jan. 14, 2011) (holding service sufficient under KRS 454.210(3)(b) where documents mailed by Secretary of State were returned marked "unclaimed").

*Haven Point Enter., Inc. v. United Ky. Bank, Inc.*, 690

3

S.W.3d 393 (Ky. 1985), cited by defendant, does not require a different result.  The holding of that case is simply that the procedure for service of process under the long-arm statute through the Secretary of State is a valid alternative to service even where there is also an appointed statutory agent through whom service could also be achieved.  *Id.* at 394.  The court then considered whether the lower court erred in denying the appellant's motion to set aside the default judgment entered against it.  In so doing, the court discussed the presumption that "a communication that was properly stamped, addressed and deposited in the mail was received by the addressee," and "[o]nce the fact of address, stamp and deposit is proven, the burden shifts to the addressee to prove that he has never received the letter."  *Id.* at 395.

Karamian cites this latter language as support for his argument that service here was insufficient because he has shown that he never received the process mailed by the Secretary of State, thereby overcoming any presumption of receipt.

This argument misses the mark because, under the Kentucky authority cited above, actual receipt (and, indeed, actual notice) of the process is not required for valid service to be accomplished under the Kentucky long-arm statute.

The court therefore finds that plaintiff made sufficient service of process on Karamian within the 120 days required under

4

the rules, and the motion to dismiss on that ground will be denied.

Karamian also moves to dismiss for lack of personal jurisdiction and on the grounds that he is immune from suit under the Communications Decency Act.  The court's prior ruling on the same defenses raised by Dirty World, LLC applies equally to Karamian and dictates the same result, an outcome Karamian acknowledges in his reply brief.  (Doc. 51 at 2)  The reasoning of that opinion is thus incorporated here by reference.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that the motion to dismiss by defendant Nik Lamas-Richie (formerly known as Hooman Karamian) (Doc. 46) be, and is hereby, **DENIED.**

This 15th day of April, 2011.



**Signed By:**
*William O. Bertelsman*  WOB
**United States District Judge**