No. 12-5133

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SARAH JONES, | ) | |
| | ) | FILED |
| Plaintiff-Appellee, | ) | May 09, 2012 |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | O R D E R |
| | ) | |
| DIRTY WORLD ENTERTAINMENT RECORDINGS LLC, dba Thedirt.com; DIRTY WORLD ENTERTAINMENT, LLC, dba Thedirty.com | ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |
| HOOMAN KARAMIAN, aka Nik Richie, aka Corbin Grimes; DIRTY WORLD, LLC, dba Thedirty.com | ) ) ) | |
| | ) | |
| Defendants-Appellants. | | |

Before: KENNEDY, SILER, and SUTTON, Circuit Judges.

The defendants in this defamation and invasion-of-privacy case claim they are immune from suit pursuant 47 U.S.C. § 230(c), a part of the Communications Decency Act of 1996 ("CDA"). They appeal the district court's denial of their motion for summary judgment on grounds of immunity. The plaintiff moves to dismiss the appeal for lack of appellate jurisdiction. The defendants oppose the motion.

This court has jurisdiction in appeals from final orders and decisions of the district court. 28 U.S.C. § 1291. A decision is final if it disposes of all claims and parties on the merits and leaves nothing for the district court to do but execute the judgment. *Catlin v. United States*, 324 U.S. 229,

233 (1945). An order denying summary judgment does not dispose of all claims in the action and thus is not final for purposes of appeal under § 1291. The defendants, however, maintain that an order denying § 230 immunity is immediately appealable pursuant to the collateral order doctrine. Under the collateral order doctrine established by *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949), "an order is appealable under Section 1291 if the order (1) conclusively determines a disputed issue; (2) resolves an issue separate from the merits of the action that is too important to be denied review; and (3) will be effectively unreviewable on appeal from a final judgment." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 472 (6th Cir. 2006).

Assuming that the CDA does, in fact, offer providers of an interactive computer service immunity from suit, it is still necessary to determine if an immunity claim under the CDA is sufficiently important to warrant an immediate appeal. *See Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 866 (1994). "The collateral order doctrine is best understood not as an exception to the 'final decision' rule laid down by Congress in § 1291, but as a 'practical construction of it[.]'" *Id*. at 867 (citations omitted). Only some orders denying an asserted right to avoid the burdens of trial qualify for immediate review. "[I]t is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is 'effectively' unreviewable if review is to be left until later." *Will v. Hallock*, 546 U.S. 345, 353 (2006) (citation omitted).

Although the defendants have invoked their alleged right not to stand trial under the CDA, they have failed to demonstrate how a substantial public interest will be imperiled by delaying their appeal until after the district court enters a final order. *See Kelly v. Great Seneca Fin. Corp.*, 447 F.3d 944, 948 (6th Cir. 2006). "The Supreme Court did not say that denials of all forms of absolute immunity, regardless of the function that the invoking litigant served, were immediately appealable."

No. 12-5133
- 3 -

*Id*.  We are not persuaded that the purpose or function of the CDA will be imperiled by delaying an appeal in this particular case.

The motion to dismiss is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Clerk