UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| SARAH JONES, a/k/a/ JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRTY WORLD ENTERTAINMENT RECORDINGS LLC dba THEDIRT.COM, HOOMAN KARAMIAN aka NIK RICHIE aka CORBIN GRIMES, DIRTY WORLD, LLC dba THEDIRTY.COM, and DIRTY WORLD ENTERTAINMENT, LLC dba THEDIRTY.COM,<br><br>    Defendants. | Case No. 2:09-cv-00219-WOB<br><br>Judge William O. Bertelsman<br><br>**DIRTY WORLD, LLC AND NIK LAMAS-RICHIE'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DAVID S. GINGRAS AND DEFEDANTS AND**<br>**CROSS-MOTION FOR SANCTIONS AGAINST ERIC DETERS PURSUANT TO 28 U.S.C. § 1927** |

Defendants Dirty World, LLC d/b/a THEDIRTY.COM and Nik Lamas Richie a/k/a Nik Richie ("DW" or "Defendants") respectfully submit the following Response to Plaintiff's Motion For Sanctions (Doc. #122) Against David S. Gingras and Defendants. In addition, DW cross-moves for sanctions against Plaintiff's counsel Eric Deters ("Mr. Deters") pursuant to 28 U.S.C. § 1927 on the basis that Mr. Deters' motion is groundless and vexatious. As such, Mr. Deters should be ordered to pay DW's reasonable attorney's fees for the cost of preparing this response.

The issue presented here is extremely simple—as noted in Plaintiff's motion and the exhibits thereto, on Nov. 2, 2012, undersigned counsel sent an email directly to Plaintiff which asked if she would be interested in discussing settlement with Mr. Richie. Plaintiff's motion does not argue that the *substance* of this email was improper in any way. Rather, the motion is predicted entirely on the fact that the email was sent directly to Ms. Jones rather than her counsel.

1

Ordinarily, direct contact from a lawyer to an opposing party is prohibited by SCR 3.130(4.2) which provides, in part: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter ... ." Of course, this restriction further states that direct contact with a represented party is only prohibited: "<u>unless</u> the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." SCR 3.130(4.2) (empahsis added).

Here, Mr. Deters not only gave his consent to direct contact with Ms. Jones, such consent was given <u>in writing</u> and it was absolutely unequivocal as to the extent or nature of contact allowed. Indeed, as reflected in the August 31, 2012 email which he sent to <u>all</u> defense counsel, Mr. Deters' expression of consent could not have been clearer: "**You have permission to <u>always</u> communicate with her**." (emphasis added). Because Mr. Deters gave his express written consent to direct contact with Plaintiff without any limitation, the Motion for Sanctions is entirely without merit and should be denied.

### CROSS MOTION FOR SANCTIONS AGAINST ERIC DETERS

DW respectfully cross-moves for sanctions against Mr. Deters pursuant to 28 U.S.C. § 1927 on the grounds that the instant motion was brought unreasonably and vexatiously and solely for purposes of needless harassing and attacking opposing counsel. As the Court is aware, "28 U.S.C. § 1927 authorizes a court to assess fees against an attorney for 'unreasonable and vexatious' multiplication of litigation *despite the absence of any conscious impropriety*." *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987) (empahsis in original) (quoting *United States v. Ross*, 535 F.2d 346 (6th Cir. 1976)). Although a court has broad discretion to issue sanctions under § 1927 for various reasons, as the Sixth Circuit noted in *Ruben*, "<u>A groundless motion to disqualify opposing counsel may support a sanction under 28 U.S.C. § 1927</u>." *In re Ruben*, 825 F.2d at 989 n.10 (emphasis added) (citing *Wold v. Minerals Eng'g Co.*, 575 F.Supp. 166 (D.Colo. 1983)).

2

Here, the instant motion seeks to revoke the *pro hac vice* status of undersigned counsel which, if granted, would be tantamount to disqualification.  However, the premise for Plaintiff's motion is factually false—after giving <u>written consent</u> to direct contact with Plaintiff, Mr. Deters requested sanctions based on an argument that he knew to be untrue—that undersigned counsel contacted Ms. Jones directly *without consent*.  Such a bizarre and frivolous argument is clearly sufficient to warrant sanctions under 28 U.S.C. § 1927.

RESPECTFULLY SUBMITTED November 5, 2012.

                                           **NIK LAMAS-RICHIE**

                                           /s/ David S. Gingras
                                           Of Counsel

Alexander C. Ward, Esquire
**HUDDLESTON BOLEN LLP**
855 Central Avenue, Suite 301
P.O. Box 770
Ashland, KY 41105
606.329.8771

and

Alexis B. Mattingly, Esquire
**HUDDLESTON BOLEN LLP**
611 Third Avenue
P.O. Box 2185
Huntington, WV 25722-2185
304.529.6181

and

David S. Gingras, Esquire (admitted *pro hac vice*)
**GINGRAS LAW OFFICE, PLLC**
3941 E. Chandler Blvd., #106-243
Phoenix, AZ 85048
480.668.3623

**Counsel for Defendant,
Nik Lamas-Richie**