UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 09-219-WOB

SARAH JONES                                                                                                  PLAINTIFF

v.                                                             **ORDER**

DIRTY WORLD ENTERTAINMENT
RECORDINGS, LLC d/b/a
Thedirt.com, ET AL.                                                                                     DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

This matter has been referred by the presiding District Judge to the undersigned for purposes of adjudicating the pending Motion for Sanctions Against David S. Gingras and Defendants (R. 122), and the Cross-Motion of Defendants for Sanctions Against Eric Deters Pursuant to 28 U.S.C. § 1927 (R. 124). Upon review of these motion filings, the undersigned finds that no further briefing is necessary and that an evidentiary hearing is not required.[1] For the reasons stated below, both motions will be **denied.**

Plaintiff's motion, filed by and through her counsel, seeks sanctions for defense counsel's conduct in communicating with Plaintiff Jones directly, knowing that she was represented by counsel. In the communication at issue, defense counsel sought to initiate settlement discussions between the parties and suggested that Plaintiff's counsel would not need to be involved in said discussions. While such conduct would ordinarily be improper under Kentucky Rule of Professional

---

[1] The presiding District Judge referred the motions pursuant to 28 U.S.C. § 636(b). (R. 128). As noted above, the undersigned concludes that no hearing and consequent Report and Recommendation under § 636(b)(1)(B) is necessary, and therefore the motions can be determined by the undersigned as pretrial matters under § 636(b)(1)(A).

Conduct 3.130(4.2),[2] the exhibit to Plaintiff's motion evidences that Plaintiff's counsel consented to defense counsel having direct communications with his client, which is an express exception to the Rule's prohibition on directly communicating with persons represented by counsel.

On August 31, 2012, Plaintiff, a member of her counsel's staff, sent an email to defense counsel utilizing her work email account. The subject line reads "From Eric Deters - Sarah Jones." The body of the email reads "The attached are what I agree to." Within minutes of the email being sent, local counsel responded to Plaintiff, copying all counsel of record, explaining his ethical prohibition of having direct contact with Plaintiff since she is represented by counsel. On the same day, Mr. Deters sent a response email to local counsel – copying all counsel of record and his client – stating "[y]ou have my permission to **always** communicate with her." (emphasis added). Counsel now states that he intended to permit defense counsel to only communicate directly with Plaintiff as a member of his staff, and did not intend to give consent for defense counsel to engage in settlement discussions without his involvement.

While it is understandable that Plaintiff's counsel would take offense at defense counsel's suggestion that he be excluded from such discussions, he did in fact authorize defense counsel to have communications with his client. Plaintiff's counsel argues that defense counsel knew his consent was limited to office communications, but his communication granting consent did not express any such limitation, stating defense counsel had his permission to "always communicate with her." As Plaintiff's counsel gave written consent for defense counsel to communicate directly with

---

[2]Rule 3.130(4.2) of the Rules of the Kentucky Supreme Court provides: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

his client, there has been no violation of the ethical rules, and no reason for the Court to find that revoking Attorney Gingras's *pro hac vice* admission would be an appropriate sanction.

Defendants, in their motion, seek sanctions against Plaintiff's counsel under 28 U.S.C. § 1927,[3] arguing Plaintiff's Motion was filed unreasonably and vexatiously, solely for purposes of needless harassing and attacking of opposing counsel. The statute is intended "to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Garner v. Cuyahoga Cnty. Juvenile Court,* 554 F.3d 624, 644 (6th Cir. 2009). Here, Defendants maintain that Plaintiff's counsel's motion to essentially disqualify defense counsel presents "[s]uch a bizarre and frivolous argument" that § 1927 sanctions are warranted. However, there is nothing to suggest that Plaintiff's counsel's motion was interposed for improper purposes, nor as an aggression tactic beyond zealous advocacy in order to unnecessarily delay or vexatiously multiply proceedings within the meaning of 28 U.S.C. § 1927. *Id.* at 644. Certainly, Plaintiff's counsel was outraged by opposing counsel's attempt to initiate settlement discussions between Plaintiff and Defendant without his involvement and the reference that it was not necessary to include him in such talks. Plaintiff's counsel states he did not expect his consent to be used in this manner and believed defense counsel understood its restrictions. Perhaps counsel will specifically limit such consent in the future. Nevertheless, his motion was not filed for the purpose of harassing Defendants or their counsel, but to stop what he saw as improper conduct.

---

[3] 28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

3

Accordingly, both motions have been based on a misunderstanding among counsel as to the scope of Plaintiff's counsel's consent authorizing direct communication with his client. Plaintiff's current motion will be construed, then, to be a withdrawal of that consent, and opposing counsel shall take heed that the consent has now been withdrawn. Any communication between the parties shall take place between counsel. To avoid further misunderstanding, Plaintiff's counsel should, when required, utilize another staff member to communicate with defense counsel on his behalf regarding this matter.

The Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Motion for Sanctions Against David S. Gingras and Defendants (R. 122), and the Cross-Motion of Defendants for Sanctions Against Eric Deters Pursuant to 28 U.S.C. § 1927 (R. 124) are hereby **DENIED.**

Dated this 8th day of November, 2012.

Signed By:
_Candace J. Smith_
United States Magistrate Judge

G:\DATA\Orders\civil cov\2009\09-219 m sanctions.wpd