**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON**

| | |
|---|---|
| SARAH JONES, a/k/a/ JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIRTY WORLD ENTERTAINMENT RECORDINGS LLC dba THEDIRT.COM, HOOMAN KARAMIAN aka NIK RICHIE aka CORBIN GRIMES, DIRTY WORLD, LLC dba THEDIRTY.COM, and DIRTY WORLD ENTERTAINMENT, LLC dba THEDIRTY.COM,<br><br>　　　　Defendants. | Case No. 2:09-cv-00219-WOB<br><br>Judge William O. Bertelsman<br><br>**DEFENDANTS DIRTY WORLD, LLC'S AND NIK LAMAS-RICHIE'S AMENDED PRETRIAL MEMORANDUM** |

Pursuant to the Court's order dated October 18, 2012 (Doc. #116) and Fed R. Civ. P. 16, Defendants Dirty World, LLC d/b/a THEDIRTY.COM ("DW") and Nik Lamas Richie a/k/a Nik Richie ("Mr. Richie"; collectively "Defendants"), by counsel, respectfully submit the following Amended Pretrial Memorandum.

## I.　JURISDICTION OF THE COURT

This is a diversity action in which the Plaintiff and all defendants are citizens of different states and the amount in controversy exceeds $75,000.00.　This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1332.　Defendants deny that this Court possesses personal jurisdiction over them.

## II.　KIND OF ACTION

This is an action for defamation, libel, false light, and intentional infliction of emotional distress based on the publication of certain statements on a website owned and operated by

Defendant Dirty World, LLC. The claims at issue are all tort claims arising under Kentucky common law.

### III. STATEMENT OF FACTS

Defendants, in accordance with this Court's Final Pretrial Conference Order, attempted to communicate with Plaintiff to ascertain to which facts Plaintiff would stipulate. It is important to note that to Defendants' knowledge there is absolutely nothing in the record or elsewhere that would contradict any of the facts related below that Plaintiff refused to stipulate to. The facts that have been stipulated to will be presented in bold below[1]. At no point in time has Plaintiff presented Defendants with a list of facts to which she would like Defendants to stipulate.

1. **Defendant Dirty World operates a website located at www.TheDirty.com.**

2. **www.TheDirty.com is an interactive online website which allows users to "submit dirt" which can include news, photos, video or text on any topic, and users can post their own comments about material submitted by others.**

3. www.TheDirty.com contains more than 100,000 unique posts and millions of comments on a wide variety of topics and millions of comments from users.

4. This case arises from several posts about the Plaintiff on www.TheDirty.com, all of which were created and submitted to the site by third parties.

5. **The first post appeared on the site on October 27, 2009 bearing the title: "Graham Does It Again". The post featured two photos of**

---

[1] The facts are being presented in this way to preserve a logical order.

**Plaintiff appearing at a public event with a Bengals player, kicker Shayne Graham. The third party author who submitted this post also included the following text:**

**Nik, this is Sara J, Cincinnati Bengal Cheerleader. She's been spotted around town lately with the infamous Shayne Graham. She has also slept with every other Bengal Football player. This girl is a teacher too!! You would think with Graham's paycheck he could attract something a little easier on the eyes Nik!**

6. Mr. Richie did not create any part of this post, nor did he create the title of the post.

7. Mr. Richie made no changes whatsoever to either the text of the post or the title; all of this material was authored solely by the third party who submitted it to the site.

8. Prior to the submission of this post, Mr. Richie did not know Plaintiff, had never met or spoken to Plaintiff, and had no idea who Plaintiff was.

9. In keeping with his normal practice as the site's editor and moderator, Mr. Richie added a brief sarcastic quip regarding the Bengals football player shown in the photos—Shayne Graham—stating, "Everyone in Cincinnati knows this kicker is a Sex Addict. It is so secret… he can't even keep relationships because his Red Rocket has freckles that need to be touched constantly.- nik". Richie Aff. ¶ 21. Nothing in Mr. Richie's comments referred to Plaintiff in any way.

10. **The second post at issue appeared on the site on December 7, 2009. This post included a publicly-available photograph of the Plaintiff taken from the cover of the 2007 Cincinnati Bengals cheerleader**

        **calendar on which she appeared, and the post included the following text:**

**Nik, here we have Sarah J, captain cheerleader of the playoff bound cinci Bengals.. Most ppl [sic] see Sarah has [sic] a gorgeous cheerleader AND highschool [sic] teacher.. yes she's also a teacher.. but what most of you don't know is.. Her ex Nate..cheated on her with over 50 girls in 4 yrs.. in that time he tested positive for Chlamydia Infection and Gonorrhea.. so I'm sure Sarah has them both.. whats [sic] worse is he brags about doing sarah in the gym.. football field.. her class room at the high school she teaches at DIXIE Heights.**

11. Each and every word of this text was created solely by the third party author who submitted the post; Defendants did not create any part of this text, nor did they modify or change any part of it.

12. The author of the post also created its title—"The Dirty Bengals Cheerleader"; no part of this title was created or modified by Defendants.

13. After the second post was submitted to the site, Mr. Richie made another brief satirical comment which read: "Why are all high school teachers freaks in the sack?- nik".

14. **On December 9, 2009, a third post about Plaintiff appeared on the site bearing the title "Bengals Cheerleader Boyfriend". The author of this post attached several photos of Plaintiff and her then-boyfriend (now ex-husband), Nathan Wilburn, and included the following text:**

**Nik, ok you all seen the past posting of the dirty Bengals cheerleader/teacher… well here is her main man Nate. Posted a few pics of the infected couple. Oh an [sic] for everyone saying sarah is so gorgeous check her out in these non photoshopped pics.**

15. Each and every word of the above text was created solely by the third party author who submitted the post; Defendants did not create any part of this text, nor did they change any part of it.

16. Mr. Richie added a short editorial comment about the post which read: "Cool tribal tat man.  For a second yesterday I was jealous of those high school kids for having a cheerleader teacher, but not anymore.- nik".

17. After these three posts appeared on Defendants' website, Plaintiff commenced this action on December 23, 2009.

18. In December 2009, Mr. Richie removed the first three posts regarding Plaintiff after learning that she had commenced litigation.

19. **Plaintiff was formerly employed as a high school English teacher working at Dixie Heights High School in Crestview Hills, Kentucky.**

20. After working at Dixie Heights for approximately five years, Ms. Jones resigned her employment on November 30, 2011 after being informed that she was under investigation for having a sexual relationship with a student at Dixie Heights.

21. **In addition to her teaching work, since 2005 Ms. Jones worked as a cheerleader for the Cincinnati Bengals NFL football team.  In 2011, Ms. Jones served as the head captain of the Ben-Gals cheerleaders.**

22. On March 29, 2012, Ms. Jones was indicted by the Kenton County grand jury and charged with one felony count of unlawful use of electronic means to induce a minor to engage in sexual or other prohibited activities, and one felony count of sexual abuse in the first degree.  Both charges

accuse Ms. Jones of being involved in a sexual relationship with a student at Dixie Heights High School between November 1, 2011 and November 30, 2011.

23. Following her indictment, Ms. Jones was no longer involved as a cheerleader for the Ben-Gals.

24. On October 8, 2012 Ms. Jones entered into a plea agreement in Kenton County, Kentucky admitting that she was guilty of Sexual Misconduct and Custodial Interference as a result of her relationship with Cody York. As a result of the plea agreement Ms. Jones is considered a convicted felon.

25. As part of her plea agreement Ms. Jones admitted as true that she had a romantic relationship with a student, Cody York, while a teacher at Dixie Heights High School, which romantic relationship included sexual intercourse.

26. Ms. Jones admitted as part of her plea agreement that the inappropriate sexual relationship with her student began in February of 2011 while he was a student and she was in a position of authority. She also admitted that the relationship included voluminous phone calls and text messages including sexually explicit text messages sent to Cody York while he was a student.

27. Ms. Jones also admitted as part of her plea agreement that she falsely accused students of lying about her illegal relationship with Cody York and that she was not truthful with the Edgewood Police Department regarding her relationship with Cody York. Ms. Jones also admitted to

          masking or changing phone numbers and using Cricket phones in an effort to conceal communications with Cody York.

28.    Ms. Jones, as part of her plea agreement, agreed to never again seek employment as a teacher or coach.

29.    The parties stipulate that the text messages provided in discovery and covered by protective order in this case are authentic communications between Sarah Jones and Cody York and accurately reflect conversation between those individuals as memorialized in the records.

IV.    **ISSUES OF LAW (SUBSTANTIVE)**

    **a. Liability for Publishing Third Party Content On Interactive Website**

Defendants contend that pursuant to the Communications Decency Act, 47 U.S.C. § 230(c)(1) (the "CDA"), they are immune from liability based on the "publication" of the material at issue in this case. *See S.C. v. Dirty World, LLC*, Case No. 11-CV-392 (W.D.Mo. March 12, 2012) (finding Nik Richie and Dirty World entitled to immunity under the CDA). This Court previously rejected this argument based, in substantial part, on a finding that Mr. Richie defamed Plaintiff by virtue of his comment: "Why are all high school teachers freaks in the sack?- nik".

Although Mr. Richie contends that his comment was non-actionable opinion and that it was not "of and concerning" the Plaintiff, the recent indictment of Ms. Jones for sexual conduct with a student at Dixie Heights High School, if proven, would establish that Mr. Richie's comment was true.[2] As a truthful statement, Mr. Richie's comment did not defame the Plaintiff and did not contribute to the "offensive" nature of other material posted by third parties. As a

---

[2] While Defendants maintain that what constitutes a "freak in the sack", being an opinion, is extraordinarily hard to establish, it is difficult to imagine that, if true, the allegations against Ms. Jones would not fit the definition most would attribute to a "freak in the sack".

result, Mr. Richie's comment does not support the Court's decision to withhold CDA immunity on this basis, and as a non-final ruling, the Court's decision should be modified pursuant to Fed. R. Civ. P. 54(b) to grant summary judgment in favor of Defendants.

### b. First Amendment Protection Of Opinion

Absent CDA immunity, expressions of opinion are fully protected by the First Amendment, even if the opinions are hurtful or offensive. *See Texas v. Johnson*, 491 U.S. 397, 414, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989) ("If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable."); *FCC v. Pacifica Foundation*, 438 U.S. 726, 745, 98 S.Ct. 3026, 3038, 57 L.Ed.2d 1073 (1978) ("[T]he fact that society may find speech offensive is not a sufficient reason for suppressing it. Indeed, if it is the speaker's opinion that gives offense, that consequence is a reason for according it constitutional protection."); *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 910, 102 S.Ct. 3409, 3424, 73 L.Ed.2d 1215 (1982) ("Speech does not lose its protected character ... simply because it may embarrass others or coerce them into action ...."); *Yancey v. Hamilton*, 786 S.W.2d 854, 857 (Ky. 1990).

In this case, all of Defendants own statements were non-actionable expressions of opinion which are completely protected by the First Amendment.

### c. "Of And Concerning" Requirement

A statement which criticizes a large group cannot support a defamation action by any one member of the group, even if the statements at issue are false and defamatory. *O'Brien v. Williamson Daily News*, 735 F.Supp. 218, 223 (E.D.Ky. 1990) (finding group of 29 high school teachers was too large to pursue defamation claims based on newspaper article alleging sexual misconduct by "Phelps High School teachers") (holding affirmed 931 F.2d 893 (6th Cir. 1991); *Louisville Times v. Stivers*, 252 Ky. 843, 68 S.W.2d 411 (1934).

In this case, Mr. Richie's rhetorical question "Why are all high school teachers freaks in the sack?- nik" was directed at a group comprised of potentially millions of members; i.e., all high school teachers. Such a statement is not actionable by any one member of such a large group.

### d. Availability Of Punitive Damages

Even when a defamation plaintiff is *not* a public figure, punitive damages cannot be awarded based on mere negligent publication of defamatory statements. Rather, "to recover punitive damages, the law requires even a private individual to show actual malice." *Warford v. Lexington Herald-Leader Co.*, 789 S.W.2d 758, 763 (Ky. 1990) (citing Gertz v. *Robert Welch, Inc.*, 418 U.S. 323, 349, 94 S.Ct. 2997, 3011, 41 L.Ed.2d 789 (1974)); *see also* K.R.S. § 411.051 ("Punitive damages may be recovered only if the plaintiff shall allege and prove publication with legal malice and that the [publisher] failed to make conspicuous and timely publication of a correction after receiving a sufficient demand for correction ....").

V. **ISSUES OF LAW (PROCEDURAL)**

    a. Whether the Protective Order regarding text messages should be dissolved;

    b. The period of time for which Plaintiff is seeking damages, as her amended Pre Trial Memorandum lists two different dates: February 1, 2011 and November 1, 2011;

    c. The postings that Plaintiff may claim are defamatory;

    d. The alleged statements by Nik Richie that Plaintiff may use at trial

VI. **ISSUES OF LAW (EVIDENTIARY)**

    a. Whether Plaintiff should be prohibited from calling any witnesses or using any exhibits not listed in her FRCP 26(a)(3) disclosures, as fully set forth in its Motion in Limine and Memorandum in Support on this issue and in Defendants' Amended FRCP 26(a)(3) Objections;

    b. Whether Plaintiff should be prohibited from using the "Dr. Phil" transcript at trial, as fully set forth in its Motion in Limine and Memorandum in Support on this issue and in Defendants' Amended FRCP 26(a)(3) Objections;

    c. Whether Plaintiff should be prohibited from using evidence of "other wrongs" of Defendants, as fully set forth in its Motion in Limine and Memorandum in Support on this issue and in Defendants' Amended FRCP 26(a)(3) Objections;

  **d.** Whether Defendants may use as evidence text messages between Plaintiff and Cody York, as fully set forth in its Motion in Limine and Memorandum in Support on this issue;

  **e.** Whether Plaintiff may use certain statements by Nik Lamas-Richie at trial;

  **f.** Whether Plaintiff may use her medical records as evidence at trial.

**INSTRUCTIONS AND SPECIAL VERDICT**

In compliance with the Court's Final Pretrial Conference Order [Doc #:92], Defendants filed and served their proposed Instructions and Verdict Forms on August 24, 2012 [Doc #:98]. Defendants do not object to any of Plaintiff's proposed instructions other than Defendants believe them to be incomplete in that they do not contain all necessary instructions.

           **DIRTY WORLD L.L.C. AND**
           **NIK LAMAS-RICHIE**

            /s/ Alexander C. Ward
           Of Counsel

Alexander C. Ward, Esquire
**HUDDLESTON BOLEN LLP**
855 Central Avenue, Suite 301
P.O. Box 770
Ashland, KY 41105
606.329.8771

and

Alexis B. Mattingly, Esquire
**HUDDLESTON BOLEN LLP**
611 Third Avenue
P.O. Box 2185
Huntington, WV 25722-2185
304.529.6181

and

David S. Gingras, Esquire (admitted *pro hac vice*)
**GINGRAS LAW OFFICE, PLLC**
3941 E. Chandler Blvd., #106-243
Phoenix, AZ 85048
480.668.3623

**Counsel for Defendants,**
**Dirty World L.L.C. and**
**Nik Lamas-Richie**

## CERTIFICATE OF SERVICE

      I hereby certify that on December 7, 2012, I electronically filed the foregoing Amended Pre-Trial Memorandum with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Alexander C. Ward_____
Counsel for Defendants,
Dirty World, LLC and
Nik Lamas-Richie