UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

Eastern District of Kentucky
**F I L E D**

**JUL 1 1 2013**

AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 2009-219 (WOB-JGW)

SARAH JONES                                                                    PLAINTIFF

VS.                                   JURY INSTRUCTIONS

HOOMAN KARAMIAN
also known as Nik Richie
and also known as
Corbin Grimes

and

DIRTY WORLD, LLC
doing business as
TheDirty.Com                                                           DEFENDANTS

INSTRUCTION NO. 1

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and whether every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witnesses' intelligence, motive and state of mind, and demeanor or manner while testifying.  Consider the witnesses' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant

detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part. In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a large number of witnesses to the contrary.

INSTRUCTION NO. 2

You must decide this case as an action between persons of equal standing and worth in the community, and holding the same or similar stations in life. A business entity is entitled to the same fair trial in your hands as a private individual. All persons, including business entities, stand equal before the law, and are to be dealt with as equals in a court of justice.

INSTRUCTION NO. 3

Defendants, when they re-published the matters in evidence, had the same duties and liabilities for re-publishing libelous material as the author of such materials.

INSTRUCTION NO. 4

In order to recover for a defamatory statement, the plaintiff, Sarah Jones, must show the statement is: (1) facially defamatory, (2) untrue, and (3) that the defamatory statement was made with actual malice.

If untrue, a statement would be libel if it would: (1) bring the person about whom the statement is made into public hatred, contempt or ridicule, (2) cause the person to be shunned or avoided, or (3) injure the person in their business or occupation.

A defamatory statement can be said to have been made with actual malice only if it was made with knowledge that it was false or with reckless disregard of whether it was false or not.

That is to say that actual malice entails more than mere negligence. It requires that the publisher of the defamatory falsehood at the time of the publication entertained serious doubts as to the truth of the published material.

Actual malice must be shown by clear and convincing evidence.

INSTRUCTION NO. 5

Under the First Amendment, there is no such thing as a "false idea." This means that every person in the United States is entitled to express his or her own personal opinions, even if those opinions are offensive.

In order to protect the right to freedom of speech, defamatory statements cannot be based on expressions of opinion, even if the opinion is hurtful, mean, or insulting. Rather, a defamatory statement must be based on a false statement of fact.

Expressions of opinion are entitled to strong protection under the First Amendment. Therefore, a statement of opinion cannot support a defamation claim unless the speaker's opinion also implies the existence of undisclosed facts which are themselves defamatory.

If a speaker expresses an opinion based on facts which are disclosed, then the speaker's opinion is protected and cannot support a defamation claim.

INSTRUCTION NO. 6


You have been instructed that in order to recover the Plaintiff must prove that the statements published were materially false. That is to say that substantial truth is a defense to defamation, even if the allegedly defamatory statement was made with or inspired by malice or ill will or is libelous per se.

In considering the truth as a defense, you are instructed that substantial truth provides a defense to defamation even if what was published is not the precise or exact truth. Rather minor inaccuracies do not amount to falsity as long as the substance, the gist, or the sting of the libelous charge is justified. Put another way, the statement is not considered false unless it would have a different effect on the mind of the reader than the truth would have produced.

**INSTRUCTION NO. 7**

A statement that contains hyperbole (exaggeration) may be libelous if the jury believes from the evidence that a reasonable person could interpret it as implying false statements of fact.

*Ogle v. Hocker*, 279 F. App'x 391, 397 (6th Cir. 2008) (and cases cited therein).

INSTRUCTION NO. 8

A statement is not defamatory unless it is "of and concerning" the plaintiff individually. This means that a statement which criticizes a large group of people will not support a defamation claim by each individual member of that group. This type of general statement is not "of and concerning" any one person and, therefore, is not actionable.

So, for example, a statement that "all lawyers are shysters" would not permit every lawyer in the country to sue for defamation because this statement was not "of and concerning" any one specific person; it was a general comment regarding a large group.

INSTRUCTION NO. 9

The following are instructions on Plaintiff's claim for damages. However, you should not interpret the fact that you are given instructions concerning the Plaintiff's damage claim as indicating that Plaintiff should, or should not, prevail in this case. It is your task to determine whether Defendants are liable. You are being instructed on damages only so that you will have guidance in the event you decide that Defendants are liable and that Plaintiff is entitled to recover money from Defendants.

However, any damages you award must have a reasonable basis in the evidence. Damages need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guess work.

**INSTRUCTION NO. 10**

Defendants are not liable for any ailments Plaintiff may suffer from those that were caused by anything other than any wrongful actions by Defendants.   Similarly, any physical or emotional injuries that you find are attributable to a cause other than any wrongful actions by Defendants are not part of this action and should not be considered by you.

If you find that the injuries of which Plaintiff complains were caused by something or someone other than Defendants, then Defendants are not liable for such injuries.

INSTRUCTION NO. 11


Punitive Damages means damages, other than compensatory and nominal damages, awarded against a person to punish and to discourage him and others from similar conduct in the future.  You may award Plaintiff punitive damages only if she has proven by the evidence that Defendants acted toward Plaintiff with oppression, fraud or malice.  "Oppression" means conduct which is specifically intended by the defendant to subject the plaintiff to cruel and unjust hardship.  "Fraud" means an intentional misrepresentation, deceit, or concealment of material fact known to the defendant and made with the intention of causing injury to the plaintiff. "Malice" means conduct which is specifically intended by the defendant to cause tangible or intangible injury to the plaintiff.

 If you find from the evidence that Defendants acted toward Plaintiff with oppression, fraud or malice, then you may in your discretion award punitive damages to Plaintiff.

**INSTRUCTION NO. 12**


If you determine that punitive damages should be awarded, you shall then determine the sum of punitive damages.  In determining the amount of punitive damages to be assessed, you should consider the following factors:

(a)  The likelihood at the relevant time that serious harm would arise from the defendants' misconduct;

(b)  The degree of the defendants' awareness of that likelihood;

(c)  The profitability of the misconduct by the defendants;

(d)  The duration of the misconduct and any concealment of it by the defendants; and

(e)  Any actions by the defendants to remedy the misconduct once it became known to the defendants.

## SPECIAL VERDICT

Please answer the following questions according to the Instructions given:

1. Has the plaintiff, Sarah Jones, proved that any of the defamatory postings concerning her described in the evidence were substantially false at the time they were posted?

Yes _____✓_____          No          _____

_____
Foreperson

NOTE: If you answered Question 1 "NO," please return to the courtroom.  If you answered Question 1 "YES," please continue to answer the following Question.

2.   Do you find by clear and convincing evidence that the false postings were made with the Defendants' actual knowledge of their falsity or reckless disregard for the truth?

Yes   _____   No   _____

_____
Foreperson


NOTE: If you answered Question 2 "NO," please return to the courtroom.  If you answered Question 2 "YES," please proceed to the next Question.

3.   What sum in damages do you find for the plaintiff, Sarah Jones, to compensate her for her mental anguish and damage to her reputation as a proximate result of said false postings?   Such damages shall not be awarded for any period after February 1, 2011.

$38,000.00

_____
Foreperson

4.   If you answered Question No. 3 with an amount, do you, in your discretion, wish to award punitive damages to the Plaintiff, under Instructions 11 and 12 above?

Yes   _____          No   _____

_____
Foreperson

   5.   If you answered Question No. 4 "YES," what sum in punitive damages do you wish to award to the Plaintiff, Sarah Jones, under Instructions 11 and 12 above?

$300,000.⁰⁰

_____
Foreperson